# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

# BECKLEY

**DONALD M. BOYSAW,**

    **Petitioner,**

**v.**                                          **Case No. 5:13-cv-22529**

**JOEL ZIEGLER, Warden,**
**FCI Beckley,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court are the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) and the petitioner's Supplemental Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 petition, which actually appears to be a Memorandum in Support of the section 2241 petition (and will hereinafter be referred to as such) (ECF No. 2). By separate Order, the petitioner's Motion for Leave to Amend Section 2241 Petition (ECF No. 10), which contains additional grounds for habeas corpus relief, has been granted and such grounds will be addressed herein.

This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's amended section 2241 petition.

## **BACKGROUND AND PETITIONER'S CLAIMS**

On September 4, 2013, the petitioner filed an Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus by a Person in State or Federal Custody (ECF No. 1) and a Memorandum in Support (ECF No. 2). Via the federal courts' PACER electronic docketing review system, the undersigned has reviewed various documents filed in the petitioner's criminal and civil cases in the United States District Court for the Western District of Virginia and the United States Court of Appeals for the Fourth Circuit.

On June 8, 2004, following a jury trial in the United States District Court for the Western District of Virginia, the petitioner was found guilty of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g)(1). (*United States v. Boysaw*, Case No. 7:03-cr-00128-SGW-mfu-1, ECF No. 39). On November 15, 2004, the petitioner was sentenced to concurrent terms of 188 months in prison. (*Id.*, Judgment, ECF No. 68). The petitioner's sentence included an enhancement under 18 U.S.C. § 924(e)(1), the Armed Career Criminal Act (hereinafter "ACCA"), which increased his statutory sentencing range from zero to 10 years, to fifteen years to life in prison, based upon a finding by the presiding District Judge that the petitioner had three prior convictions for serious drug offenses committed on different occasions from one another. (*Id.*)

On November 23, 2004, the petitioner filed a *pro se* Notice of Appeal. (*Id.*, ECF No. 70). Counsel was subsequently appointed to represent the petitioner on his appeal. On November 30, 2004, the petitioner filed a *pro* se Motion to Modify Sentence under Rule 35. (*Id.*, ECF No. 77) That motion was denied on the same date. (*Id.*, ECF No, 78). On December 1, 2004, the petitioner filed a *pro se* Motion for Acquittal and to Vacate

Sentence (*Id.*, ECF No. 79), which was subsequently denied on March 14, 2006. (*Id.*, ECF No. 103).

On December 27, 2004, the petitioner filed his first *pro se* Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255, which was assigned Case No. 7:04-cv-00756. The docket sheet for that case indicates that, on that same date, the presiding District Judge dismissed the section 2255 motion, without prejudice, finding that the motion should not be heard while the petitioner's direct appeal was pending. (*Id.*, ECF No. 3, Memorandum Opinion).

On September 6, 2006, the United States Court of Appeals for the Fourth Circuit issued an unpublished decision affirming the petitioner's conviction, and making the specific finding that "the district court properly determined that Boysaw qualified as an armed career criminal," but vacating the petitioner's sentence and remanding the matter for resentencing in light of the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), because the petitioner had been sentenced under the mandatory Guidelines scheme. (*United States v. Boysaw*, Case No. 04-4515, 198 Fed. Appx. 321, 2006 WL 2562486 (4th Cir. Sept. 6, 2006) (Emphasis added). The petitioner's petition for a writ of certiorari concerning this decision was denied on October 29, 2007. (*Boysaw v. United States*, 552 U.S. 1004, 128 S. Ct. 521, 169 L. Ed.2d 363 (2007).

On November 15, 2006, the petitioner was resentenced to concurrent terms of 180 months in prison. (Case No. 7:03-cr-00128-SGW-mfu-1, ECF No. 112, Minute Entry and ECF No. 118, Amended Judgment). The petitioner appealed his conviction and amended sentence to the United States Court of Appeals for the Fourth Circuit. His conviction and amended sentence were affirmed on February 22, 2008. (*United States v. Boysaw*, Case No. 06-5215, 266 Fed. Appx. 284, 2008 WL 484793 (4th Cir., Feb. 22,

3

2008). In that decision, the Court found that the petitioner's challenge to his armed career criminal designation was barred by the law-of-the-case doctrine, because the petitioner has unsuccessfully made the same challenge in his first appeal.

On April 14, 2008, the petitioner filed his second Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Western District of Virginia, which was assigned Case No. 7:08-cv-80048. (Case No. 7:03-cr-00128-SGW-mfu-1, ECF No. 156). In that motion, the petitioner again challenged the enhancement of his sentence under the ACCA.

According to the petitioner's Memorandum in Support of his instant section 2241 petition, on May 23, 2008, the petitioner filed a second petition for a writ of certiorari in the United States Supreme Court. On June 4, 2008, the District Court dismissed the petitioner's second section 2255 motion, without prejudice (Case No. 7:03-cr-00128–SGW-mfu-1, ECF No. 166), in light of the pending certiorari petition, which was subsequently denied on June 23, 2008. *Boysaw v. United States*, 554 U.S. 928, 128 S. Ct. 2981, 171 L. Ed.2d 903 (2008).

On July 28, 2008, the petitioner filed a third section 2255 motion (Case No. 7:08-cv-80075), in which he again challenged his designation as an Armed Career Criminal. The United States filed a Motion to Dismiss that section 2255 motion on October 31, 2008. (Case No. 7:03-cr-00128-SGW-mfu-1, ECF No. 182). After further briefing, the District Court granted the United States' Motion to Dismiss and dismissed the third section 2255 motion on June 23, 2009. (*Id.*, ECF Nos. 195, 196). On June 8, 2010, the petitioner filed a Motion under Rule 60(b) (*id.*, ECF No. 197), which was denied on June 14, 2010, as being an unauthorized successive section 2255 motion. (*Id.*, ECF Nos. 198, 199).

On June 15, 2010, the petitioner re-filed the same Rule 60(b) motion. (*Id.*, ECF No. 200). Orders were entered that same date finding the Rule 60(b) motion to be an unauthorized successive section 2255 motion. (*Id.*, ECF Nos. 201-202). Then, on June 24, 2010, the petitioner filed a third copy of the same Rule 60(b) motion, along with a "Motion for Reconsideration" of the District Court's June 15, 2010 Orders. These motions were also found to be unauthorized successive section 2255 motions. (*Id.*, ECF Nos. 203-206).[1] On June 28, 2010, the petitioner again re-filed the same Rule 60(b) motion and Motion for Reconsideration (*Id.*, ECF No. 207), which was denied that same date as an unauthorized successive section 2255 motion (*Id,* ECF No. 208).[2]

On August 31, 2010, the petitioner filed a Notice of Appeal concerning the denial of his June 24, 2010 Rule 60(b) motion. (*Id.*, ECF No. 212). On January 21, 2011, the Fourth Circuit denied the petitioner a certificate of appealability and also denied him authorization to file a second or successive section 2255 motion. *United States v. Boysaw,* Case No. 10-7549, 408 Fed. Appx. 767, 2011 WL 196167 (4th Cir., Jan. 21, 2011). On August 20, 2013, the Fourth Circuit again denied the petitioner authorization to file a second or successive section 2255 motion. (*In re: Donald Milton Boysaw*, Case No. 13-313; Case No. 7:03-cr-00128-SGW-mfu-1, ECF No. 220).

The petitioner also filed a previous section 2241 petition in this court. (*Boysaw v. United States*, Case No. 5:09-cv-01484). That petition unsuccessfully challenged the

---

[1] The June 15, 2010 motion (ECF No. 200) was assigned Case No. 7:10-cv-80261. The motions filed on June 24, 2010 (ECF Nos. 203-204) were not assigned a separate civil action number and were treated as Motions for Reconsideration of the Orders denying the June 15, 2010 motion (ECF Nos. 201-202). However, the motions in ECF Nos. 200 and 203 are identical copies of the motion filed on June 8, 2010 (ECF No. 197).

[2] It is difficult to tell whether the petitioner re-filed each of these motions or whether the Clerk docketed multiple copies of the motions that may have been received in chambers by the assigned judge(s).

petitioner's ACCA designation under the Supreme Court's decision in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L.Ed.2d 205 (2005).

The petitioner filed the instant section 2241 petition in this court on September 11, 2013. The petitioner's section 2241 petition again challenges his ACCA designation, and claims that his sentencing enhancement under 18 U.S.C. § 924(e)(1) was improper in light of the Supreme Court's decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), in which the Court found that any factual issue triggering a statutory mandatory minimum sentence must be submitted to a jury. The petitioner asserts that, because the jury did not make the finding that he should receive the ACCA enhancement, he is "actually innocent" of the enhancement and, therefore, his sentence is invalid.

On May 6, 2014, the petitioner filed a Motion to Amend his section 2241 petition (ECF No. 10), in which he sought to add a claim challenging the use of his prior drug offenses as predicate offenses for his ACCA designation, under the Supreme Court's recent decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013). In *Descamps*, the Supreme Court held that "[a] court may use the modified categorical approach only to determine which alternative element in a divisible statute formed the basis of a defendant's conviction." *Id.* at 2293.

The petitioner repeats his earlier argument that his drug offenses were crimes of simple possession that do not meet the definition of a "serious drug crime" as defined under the ACCA, and that the sentencing court found those crimes to be predicate offenses without examining proper records to confirm the facts concerning those crimes. By separate Order, the undersigned granted the Motion to Amend and will address the amended claim *infra*.

## ANALYSIS

Motions under 28 U.S.C. § 2255 are the primary remedy for testing the validity of federal judgments and must be filed in the court of conviction. 28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). The *Jones* Court relied upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, the court must first determine whether the remedy under 28 U.S.C. § 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention. The United States Court of Appeals for the Fourth Circuit has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the

> prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334. Current Fourth Circuit authority, however, has not recognized an entitlement to proceed under section 2241 when an inmate is challenging only his **sentence**. *Id.*; s*ee United States v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentences."); *Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (petitioner's challenge to his armed career criminal status is not cognizable in a section 2241 petition because the savings clause only preserves claims in which the petitioner alleges actual innocence of his **conviction**); *Darden v. Stephens*, 426 Fed. App'x 173, 174 (4th Cir. 2011) (per curiam) (refusing to extend the savings clause to reach the petitioner's claim that he was actually innocent of being a career offender); *see also Noggin v. Wilson*, 2013 WL 5603226 (E.D. Va. Oct. 11, 2013); *Harris v. United* States, 2013 WL 4782396 (W.D.N.C. Sept. 6, 2013). In fact, this very court denied the petitioner's prior section 2241 petition on the same basis. *See Boysaw v. United States*, Case No. 5:09-cv-01484, 2011 WL 2634882 at *3 (S.D. W. Va., Jul. 5, 2011). As will be discussed further below, the petitioner's challenges in the instant amended petition again concern the validity of his sentence, not his actual conviction for being a felon in possession of a firearm. Thus, his claims are not cognizable under section 2241.

*The petitioner's Alleyne claim*

In his Memorandum in Support of his initial petition, the petitioner asserts that:

Boysaw's conviction under 18 U.S.C. § 924(e) constitutes a fundamental miscarriage of justice, a term the Supreme Court uses interchangeably with the term Actual Innocence. In the instant matter, the fundamental miscarriage of justice is established by the fact that the constitutional violation st [sic; at?] Boysaw's sentencing, specifically increasing Boysaw's mandatory minimum sentence through judicial fact-finding, resulted in the conviction of Boysaw as an Armed Career Criminal, a crime for which he is actually innocent because such element was not found by a jury beyond a reasonable doubt. No reasonable juror could have found Boysaw guilty as an Armed Career Criminal because the government did not indict Boysaw in violation of 18 U.S.C. § 924(e), and such crime is not a lesser included offense of 18 U.S.C. § 922(g)(1), Boysaw's crime of conviction. Boysaw is actually innocent of being an Armed Career Criminal. It would be a fundamental miscarriage of justice to allow his unconstitutional sentence to stand. "It is no answer to say that the defendants could have received the same sentence with or without that fact." *Alleyne*, 570 U.S. Slp. Op. at 14.

(ECF No. 2 at 9).

The petitioner relies upon the Supreme Court's recent decision in *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013). However, *Alleyne* has been determined to be a new rule of criminal procedure, rather than a substantive change in the law. *Harris v. United States*, 2013 WL 488227 (S.D. W. Va. 2013). Thus, in what amounts to an extension of the Supreme Court's prior holdings in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker*, 543 U.S. 220 (2005), which were not held to be retroactively applicable on collateral review, the appellate courts that have considered the matter have also determined that *Alleyne* is not retroactively applicable on collateral review. *See, e.g., Jeanty v. Warden, FCI Miami*, ___ F.3d ___, 2014 WL 3673382 (11th Cir., Jul. 22, 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013); *Simpson v. United States*, 721 F.3d 875 (7th Cir. 2013). The United States Court of Appeals for the Fourth

9

Circuit has not yet rendered a decision in this regard, but previously held that *Apprendi* and *Booker* were not retroactively applicable on collateral review.

Moreover, as recognized by the Supreme Court in *Almendarez-Torres v. United States*, 523 U.S. 224, 118 S. Ct. 1219, 140 L. Ed.2d 350 (1998), this Sixth Amendment requirement does not apply to a sentence that is increased by the fact of a prior conviction. *See Alleyne*, 133 S. Ct. at 2160 n.1. Thus, because the petitioner's mandatory minimum sentence was increased by the fact that he had prior convictions, his case falls outside the ambit of *Alleyne*.

Accordingly, even if the petitioner could seek collateral relief under section 2241, because *Alleyne* appears to be inapplicable in the instant case and because it has not been made retroactively applicable on collateral review, the undersigned proposes that the presiding District Judge **FIND** that the petitioner is not entitled to any relief thereunder. Moreover, because the petitioner cannot demonstrate that any change in *substantive* law caused his actual offense conduct (two violations of 18 U.S.C. § 922(g)(1)) to be deemed not criminal, the undersigned further proposes that the presiding District Judge **FIND** that the petitioner cannot use the savings clause in section 2255(e) to seek relief under section 2241.

### The petitioner's claim regarding his predicate offenses

The petitioner also challenges his designation as an Armed Career Criminal on the basis that his prior drug offenses do not qualify as "serious drug offenses" as that term is defined in the ACCA. The ACCA defines a "serious drug offense" as an offense under the federal Controlled Substances Act ("CSA") or "an offense under state law involving manufacturing, distributing or possessing with intent to manufacture or

distribute a controlled substance" that carries a maximum term of imprisonment of 10 years or more. *See* 18 U.S.C. § 924(e)(2)(A).

The petitioner contends that the Virginia statute under which he was convicted is a "divisible" statute that contains several different crimes, some of which do not correspond to crimes under the CSA or the state equivalent. The petitioner further contends that his ultimate offense of conviction amounted to simple possession, and that, in order to determine whether his crimes met the definition of a serious drug offense under the ACCA, the Virginia federal court should have used the "modified categorical approach" which was established in the line of cases including *Taylor v. United States*, 495 U.S. 575 (1990) and *Shepard v. United States*, 544 U.S. 13 (2005), and was more recently addressed by the Supreme Court in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 187 L. Ed.2d 438 (2013).

In *Taylor,* the Supreme Court determined that, in considering whether a prior conviction qualifies as a "violent felony" under the ACCA, courts should apply a "formal categorical approach" by which the court would look to the elements of the statute under which the defendant was convicted, not at the particular defendant's offense conduct. 495 U.S. at 600-601. However, the court also established a limited exception to this rule: under circumstances where a state statute of conviction is broader than the generic offense defined under the ACCA (or contains several crimes, some of which would qualify as predicate offense and others which do not, *i.e.*, a "divisible" statute), courts may look to other case records to determine whether the defendant actually committed the generic offense. *Id.* at 602. In *Shepard*, the Supreme Court limited the records which may be reviewed by the sentencing court to the terms of the charging document, the terms of a plea agreement, the transcript of a plea colloquy in which the

11

factual basis for the plea was confirmed by the defendant, "or some comparable judicial record of this information." 544 U.S. at 26. This has come to be known as the "modified categorical approach." *See also Johnson v. United States*, 559 U.S. 133 (2010). Most recently, in *Descamps,* the Supreme Court clarified that courts may not apply the modified categorical approach when the crime of which the defendant was convicted has a single, indivisible set of elements. 133 S. Ct. at 2281-82.

The petitioner previously raised several unsuccessful challenges to his sentence based upon *Shepard*, including a prior section 2241 petition filed in this court. His present petition asserts that it was a violation of his Fifth Amendment right to due process to deny him review of his *Shepard* claim on the basis that the Fourth Circuit had already affirmed the ruling that his prior drug offenses qualified as predicate offenses under the ACCA. The petitioner contends that the Virginia court improperly relied only on information in his Presentence Report and should have looked at the statute under which he was convicted and other permissible documents as directed by *Shepard.* The petitioner contends that his state court drug convictions were the result of guilty pleas to a lesser crime of simple possession, which does not meet the ACCA's definition of a serious drug offense. The petitioner further contends that such facts would have been determinable by the Virginia federal court if it had reviewed certain documents from the state court record, as permitted by *Taylor*, *Shepard* and *Descamps*.

However, because the petitioner's claim only challenges his designation as an Armed Career Criminal for sentencing purposes, and does not challenge his convictions under 18 U.S.C. § 922(g)(1), as noted in the above-cited Fourth Circuit authority, this claim is not cognizable for review under section 2241 via the savings clause in section 2255(e). *See, e.g., In re Jones*, 226 F.3d at 333-334.

12

In summary, the undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claims are not proper for consideration under 28 U.S.C. § 2241. The petitioner's claims should be addressed, if at all, in a section 2255 motion. However, the petitioner has already unsuccessfully pursued relief under section 2255 in the court where he was convicted and, at present, he has not been authorized to file a second or successive section 2255 motion by the United States Court of Appeals for the Fourth Circuit.

For these reasons, it is respectfully **RECOMMENDED** that the presiding District Judge **DENY** the petitioner's Amended Petition for a Writ of Habeas Corpus (ECF Nos. 1 and 7) and **DISMISS** this civil action from the docket of the court.

The petitioner is notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the petitioner shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the petitioner.

 September 22, 2014

_____
Dwane L. Tinsley
United States Magistrate Judge