IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

DONALD M. BOYSAW,

                Petitioner,

v.                                  CIVIL ACTION NO.   5:13-cv-22529

UNITED STATES OF AMERICA,

                Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's September 4, 2013 *Application Under 28 U.S.C. §
2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1), brought
on the grounds, *inter alia*, that the Petitioner's sentence is unconstitutional.   The Court has further
reviewed the Petitioner's *Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241*
(Document 2) (construed as a memorandum in support of his petition), and the Petitioner's *Motion
to Amend 2241* (Document 10), which contains additional grounds for relief.

By *Standing Order* (Document 4) entered on September 13, 2013, this action was referred
to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this Court
of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636.
On September 22, 2014, the Magistrate Judge submitted a *Proposed Findings and
Recommendation* (PF&R) (Document 12) wherein it is recommended that this Court deny the
Petitioner's amended petition for a writ of habeas corpus and dismiss this action.   Objections to

the Magistrate Judge's *Proposed Findings and Recommendation* were due by October 9, 2014. Upon motion by the Petitioner, the Court granted an extension until October 23, 2014. The Petitioner filed his *Objections* (Document 15) on October 22, 2015. The Court ordered that this matter be stayed pending a ruling by the Fourth Circuit Court of Appeals in *United States v. Raymond Surratt, Jr.*, Case No. 14-6851, which has now been resolved. Because the resolution of *Surratt* does not significantly alter the parties' legal positions in this case, no additional briefing is necessary. For the reasons stated herein, the Court finds that the Magistrate Judge's PF&R should be adopted, and the Petitioner's objection overruled.

## FACTUAL AND PROCEDURAL HISTORY

Magistrate Judge Tinsley's PF&R sets forth in detail the procedural and factual history surrounding the Petitioner's motion. The Court incorporates by reference those facts and procedural history, but provides the following summary to provide context for the ruling herein.

On June 8, 2004, the Petitioner was convicted of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1) following a jury trial in the United States District Court for the Western District of Virginia. He was sentenced to concurrent terms of 188 months of imprisonment, pursuant to the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1). Since that time, he has sought to challenge the application of the ACCA to his case.

His various motions to modify or vacate his sentence were denied. However, his direct appeal was partially successful. The United States Court of Appeals for the Fourth Circuit found that he was properly sentenced pursuant to the ACCA, but remanded for resentencing in light of *United States v. Booker*, 543 U.S. 220 (2005), which made the United States Sentencing

Guidelines advisory rather than mandatory. On November 15, 2006, the Petitioner was resentenced to concurrent terms of 180 months of imprisonment—the statutory minimum required by the ACCA.

The Petitioner again appealed. The Fourth Circuit affirmed his conviction and amended sentence. He filed a petition pursuant to 28 U.S.C. § 2255, again challenging his Armed Career Criminal designation. That petition was dismissed on June 23, 2009.[1] He filed a Rule 60(b) motion multiple times, all of which were denied as unauthorized successive § 2255 motions. He appealed the denial of the Rule 60(b) motion. On January 21, 2011, the Fourth Circuit denied him a certificate of appealability and declined to authorize a second or successive § 2255 motion. On August 20, 2013, the Fourth Circuit again declined to authorize a second or successive § 2255 petition. In addition, this Court has previously denied a petition pursuant to 28 U.S.C. § 2241, which asserted that he should not have been sentenced under the ACCA. (Civil Action No. 5:09-cv-1484, Document 13.)

## STANDARD OF REVIEW

This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). In addition, this Court need not conduct a *de novo* review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and

---

1 The Petitioner had filed two previous § 2255 motions, but both were dismissed without prejudice, one due to a pending direct appeal and the other due to a pending petition for writ of certiorari on a direct appeal.

recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). When reviewing portions of the PF&R *de novo,* the Court will consider the fact that the Petitioner is acting *pro se*, and his pleadings will be accorded liberal construction. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978).

## DISCUSSION

The Petitioner argues that he should have been subject to the ten-year maximum sentence provided for in 18 U.S.C. § 924(a)(2), rather than the fifteen-year minimum sentence contained in § 924(e)(1). He claims that *Alleyne v. United States*, 133 S. Ct. 2151 (2013), constitutes a change in the law "such that the conduct for which the prisoner was convicted is no longer deemed criminal." (Pet.'s Mem. at 3.) He argues that, under *Alleyne*, it was improper for the sentencing court to engage in fact-finding to determine that he was subject to the ACCA. In his motion to amend, the Petitioner argues that the Supreme Court's holding in *Descamps v. U.S.*, 133 S. Ct. 2276 (2013), provides an additional ground for relief. He contends that the sentencing court did not appropriately evaluate his prior convictions in determining whether they could serve as predicate convictions for purposes of the ACCA, and states that his drug offenses did not meet the requirements of the ACCA. In another motion to amend, he argues he may be entitled to relief under the United States Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2551 (2015), finding the residual clause of the ACCA unconstitutional.

The Magistrate Judge found that the Petitioner's claims "are not cognizable under section 2241," because they "concern the validity of his sentence, not his actual conviction for being a felon in possession of a firearm." (PF&R at 8.) He points out that *Alleyne*'s requirement that a

4

jury make factual findings that increase the statutory sentence "does not apply to a sentence that is increased by the fact of a prior conviction." (*Id.* at 10, citing *Almendarez-Torres v. United States* 523 U.S. 224 (1998).) Furthermore, he explained that *Alleyne* is not retroactively applicable on collateral review. (*Id.* at 9–10.) Finally, he declined to explore the Petitioner's claim under *Descamps* (after noting that the same issue had been raised in previous challenges), finding that the savings clause did not apply, and so the challenge to his sentence could not be heard in a § 2241 petition.

In his objections, the Petitioner reiterates that a jury did not "convict him of" being an armed career criminal. (Obj. at 1.) He cites *Persaud v. United States*, 134 S. Ct. 1023 (2014), to support his position that the savings clause does permit petitioners to challenge the legality of their sentences under § 2241. The Petitioner emphasizes that his ACCA sentence is well above the statutory maximum applicable to a conviction for felon in possession.

Because the Magistrate Judge based his ruling primarily on the conclusion that sentencing error cannot be addressed under § 2241, the Court stayed this matter while a case addressing that issue was pending before the Fourth Circuit Court of Appeals. In general, a Section 2241 petition attacks the manner in which a sentence is executed, *see* 28 U.S.C. § 2241(a), while a Section 2255 motion challenges the validity of a conviction or sentence. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000). However, there is a limited exception in which a challenge to the validity of a conviction may be raised in a Section 2241 petition, under the oft-referenced "savings clause" of Section 2255. Section 2255(e) of Title 28 provides that:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced

> him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis supplied).   The circuits are split on whether the savings clause is applicable to challenges to allegedly unlawful sentences, or only to allegedly unlawful convictions.   *Compare Hill v. Masters*, 836 F.3d 591, 596 (6th Cir. 2016) (concluding that the savings clause permits § 2241 cases challenging fundamental sentencing error, including sentences above a statutory maximum or mandatory guideline range) *and Brown v. Caraway*, 719 F.3d 583, 588 (7th Cir. 2013) (same) *with McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1092 (11th Cir. 2017) (finding the savings clause applicable only to "claims that are not cognizable or that cannot be remedied under section 2255") *and In re Bradford*, 660 F.3d 226, 230 (5th Cir. 2011) (finding the savings clause applicable only to claims of actual innocence).

The Fourth Circuit has set forth the following test to determine whether Section 2255 is inadequate and ineffective to test the legality of a conviction:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is <u>deemed not to be criminal</u>; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jone*s, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).   *Jones*, however, addressed only when § 2255 is inadequate and ineffective to test the legality of a conviction, and did not expressly consider whether the savings clause could apply to sentencing challenges.

In *United States v. Surratt*, the Fourth Circuit considered the question of whether the petitioner, Raymond Surratt, could bring a § 2241 claim challenging a life sentence imposed

pursuant to a mandatory minimum.  797 F.3d 240, 244 (4th Cir. 2015), *reh'g en banc granted* (Dec. 2, 2015).[2]  Mr. Surratt was convicted of possession with intent to distribute cocaine and cocaine base, and the United States sought enhanced penalties based on prior convictions.  Under the precedent in place at the time Mr. Surratt was sentenced, his prior convictions qualified, and he received a mandatory life sentence.  Subsequent case law changed the status of his prior convictions such that he would not have been subject to the mandatory life sentence.  His earlier appeals and challenges failed, and he sought relief under the savings clause.  A divided panel of the Fourth Circuit concluded that Mr. Surratt could not challenge the sentencing enhancements via the savings clause because he could not assert a claim of actual innocence.  *Id.* at 249.  However, the court left open the possibility that challenges to sentences in excess of a statutory maximum might be within the purview of the savings clause.  *Id.* at 255-56.

A previous unpublished decision from the Fourth Circuit suggests that the savings clause does not extend to sentencing challenges under circumstances similar to those presented here. *Farrow v. Revell*, 2013 WL 5546155 (4th Cir. Oct. 9, 2013) (unpublished) (finding that a challenge to an ACCA sentence was not cognizable in a § 2241 petition).  District courts within this circuit have widely adopted a rule that sentencing challenges are not cognizable under § 2241. The Petitioner cannot show that the conduct for which he was convicted has been deemed not criminal.[3]  Accordingly, the Court finds that the Petitioner is procedurally barred from pursuing this § 2241 petition with respect to his status as an Armed Career Criminal, as found in the PF&R.

---

2  The Fourth Circuit granted *en banc* review and heard arguments, but ultimately dismissed the case as moot after Mr. Surratt received a sentence commutation.  *United States v. Raymond Surratt, Jr.*, 14-6851 (Document 138) (4th Cir., April 21, 2017).
3  The Petitioner would likely have an uphill battle to succeed on the merits even if his claims were permitted to proceed.  It is not clear from the record before this Court that his predicate convictions would not qualify under present case law, and it is also not clear that any retroactively applicable case law applies to his claims.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the stay of this matter be **LIFTED**, that the Petitioner's *Objections* (Document 15) be **OVERRULED**, and that the Magistrate Judge's *Proposed Findings and Recommendation* (Document 12) be **ADOPTED**. The Court further **ORDERS** that the Petitioner's *Application Under 28 U.S.C. § 2241 for Writ of Habeas Corpus By a Person in State or Federal Custody* (Document 1), as amended by the Petitioner's *Motion to Amend 2241* (Document 10), be **DENIED** and that this matter be **DISMISSED** and **STRICKEN** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Judge Tinsley, to counsel of record, and to any unrepresented party.


ENTER:        June 26, 2017


IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA